### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND
(Baltimore)

| | | |
|---|---|---|
| Toni M. Harrison | * | |
| 150 Q St., NE Apt. 1427 | * | |
| Washington, DC 20002 | * | |
| | * | |
|    Plaintiff, | * | |
| | * | |
| v. | * | Case No. 1:22-cv-00062-JMC |
| | * | |
| | * | |
| Varsity Spirit, LLC | * | |
| 6745 Lenox Center Court, Suite 300 | * | |
| Memphis, TN 38115 | * | |
| | * | |
|    And | * | |
| | * | |
| Uplight Technologies | * | |
| 165 Jones Boulevard, Ste. A | * | |
| La Vergne, TN 37086 | * | |
| | * | |
|    And | * | |
| | * | |
| David T. Surbrook | * | |
| 7604 Kemberton Dr E | * | |
| Nolensville, TN 37135 | * | |
| | * | |
|    Defendants. | * | |
| | * | |

### AMENDED COMPLAINT

(Negligence, Negligent Supervision)

**COMES NOW**, Plaintiff, TONI M. HARRISON, by and through her attorneys,

E. Gregory Watson, Esq, and the law firm of Watson & Moran, LLC, and sues Defendants for the

cause of actions stated herein as follows:

## **PARTIES**

1. Plaintiff, Toni M. Harrison, is a resident of the District of Columbia.

2. Defendant, Varsity Spirit, LLC, hereinafter referred to as "Varsity," is a foreign corporation headquartered in Memphis, Tennessee.

3. Additionally, Defendant Varsity produces and distributes sports related apparel, equipment and uniforms and hosts national cheerleading competitions.

4. At all times herein, Defendant Varsity was the organizer and host of an event known as the American National Cheer and Dance Championships at the Baltimore Convention Center located at, 1 W Pratt St, Baltimore, MD 21201.

5. Defendant, Uplight Technologies, hereinafter referred to as "Uplight," is an unincorporated foreign entity headquartered in Memphis, Tennessee.

6. Defendant Uplight was retained by Defendant Varsity to handle the audio, video, lighting, power management and the labor for technicians to provide event production for its' dance competition that was held in Baltimore, Maryland on February 3, 2019.

7. Defendant, David T. Surbrook, hereinafter referred to as "Surbrook," is the owner of Uplight.

8. Defendants owed a duty to Plaintiff to provide a reasonably safe common area at the premises it hosted its event, including, but not limited to keeping it free of defects and/ or hazardous conditions and/ or in warning attendees and/or invitees, including Plaintiff, of any unduly dangerous conditions of which Defendants knew or should reasonably have known.

**JURISDICTION & VENUE**

9. The District Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a). The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs. Plaintiff is a United States citizen and resident of the District of Columbia. Defendants Varsity and Uplight are foreign corporations and Defendant Surbrook is upon information and belief a resident of the State of Tennessee.

10. Venue is properly before this Court under 28 USC § 1391(a)(2), because the events giving rise to this claim occurred in Baltimore, Maryland.

**STATEMENT OF RELEVANT FACTS**

11. On February 3, 2019, Plaintiff entered an auditorium at the Baltimore Convention Center in order to observe her granddaughter compete at the American National Cheer and Dance Championships hosted by Defendant Varsity.

12. As Plaintiff walked to get seated her foot was caught in a power cord which caused her to trip and fall.

13. The power cord was only covered in black tape.

14. Plaintiff was transported from the auditorium to the University of Maryland Hospital where she treated until she was released to a rehabilitation center in Washington, DC where she convalesced for a month.

15. Solely as a result of the failure of Defendants to use appropriate preventive measures to avoid tripping on its power cords, Plaintiff sustained severe injuries to her person, including, but not limited to: various contusions and hematomas, injury to her hip, knee and head and long-term ambulatory dysfunction.

16. Solely as a result of the injuries aforementioned, Plaintiff has incurred damages,

including physical pain, suffering, inconvenience, distress, mental anguish, medical bills and/or expenses.

## COUNT I.

### (Negligence -Defendants Varsity, Uplight and Surbrook)

17. Plaintiff adopts and incorporates the allegations of complaint paragraphs 1 through 16 as if fully set forth herein.

18. The Plaintiff's allegations are more fully set forth herein at length.

19. The aforesaid incident occurred as a result of and was proximately caused by the careless, negligent, grossly careless, and reckless conduct of Defendants Varsity, Uplight and/or Surbrook and/or their agents which consisted *inter alia* of the following particulars:

   a. Failing to find alternative placement of electrical cords such that they would not be causing and/or likely to cause the serious physical harm its attendees and/or invitees such as Plaintiff;

   b. Failing to use electric cable ramp protectors or rugs over its electrical cords;

   c. Failing to utilize brightly colored tape over its electrical cords;

   d. Otherwise failing to exercise the degree of care required under the circumstances; and

   e. being otherwise negligent.

20. As a result of the aforesaid conduct and breach of care of the Defendants Varsity, Uplight and Surbrook, Plaintiff sustained the injuries, losses, and damages without any negligence of the Plaintiff contributing thereto.

## COUNT II.

**(Negligent Supervision -Defendant Varsity)**

21. Plaintiff adopts and incorporates the allegations of complaint paragraphs 1 through 20 as if fully set forth herein.

21. At all times relevant herein, Defendant Varsity and its employees, agents and contractors as well as Defendant Uplight and Defendant Surbrook and their employees, agents and/or contractors were acting under the direction and control, and pursuant to the rules, regulations, policies and procedures put in place by Defendant Varsity.

22. Defendant Varsity acted in contravention to its duty of care to Plaintiff, by negligently, carelessly and recklessly by failing to properly train, supervise, control, direct and monitor Defendant Uplight and/or Defendant Surbrook and/or their employees, agents and contractors in their duties and responsibilities.

23. The Defendants were acting as agents of each other and are individually, jointly and severally liable for Plaintiff's injuries.

24. As a direct and proximate result of the acts and omissions of Defendant Varsity and its employees, agents and/or contactors, Plaintiff sustained the injuries, losses, and damages.

## COUNT III.

**(Negligent Supervision -Defendant Uplight and Defendant Surbrook)**

25. Plaintiff adopts and incorporates the allegations of complaint paragraphs 1 through 24 as if fully set forth herein.

26. At all times relevant herein, Defendant Uplight and Defendant Surbrook and/or their employees, contractors and/or agents were acting under the direction and control, and pursuant to the rules, regulations, policies and procedures put in place by Defendant Uplight and/or

Defendant Surbrook.

27. Defendant Uplight and/or Defendant Surbrook acted in contravention to its duty of care to Plaintiff, by negligently, carelessly and recklessly by failing to properly train, supervise, control, direct and monitor Defendant Varisity Spirit, LLC and its agent and/or Defendant Uplight and Defendant Surbrook's and their employees, agents and/or contractors in their duties and responsibilities.

28. The Defendants were acting as agents of each other and are individually, jointly and severally liable for Plaintiff's injuries.

29. As a direct and proximate result of the acts and omissions of Defendant Varsity and its employees, agents and contractors and/or Defendant Uplight, Defendant Surbrooks and their employees, agents and/or contractors, Plaintiff sustained the injuries, losses, and damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court enter judgment against the above-named Defendants individually, jointly and severally for compensatory damages in an amount in excess of $75,000, together with pre- and post- judgment interest, attorneys' fees, costs and such other and further relief as the Court deems just and equitable.

## Jury Demand

The Plaintiffs demand a trial by jury on all issues so triable.

Respectfully Submitted,

WATSON & MORAN, LLC
9500 Medical Center Dr., Suite 430
Largo, MD 20774
(240) 764-5302 (Tel.)
(240) 764-5304 (Fax.)

BY:

/S/ E. Gregory Watson
E. Gregory Watson, Esq.
Bar No. #14398

CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2022, I caused a copy of this Amended Complaint to be served on Defendant, Varsity Spirit, LLC via its counsel or record, Jonathan D. Nelson, Esq. whose business address is Ferguson, Schetelich & Ballew, P.A., 100 South Charles Street, Suite 1401, Bank of America Center, Baltimore, MD 21201-2725 via the court's electronic filing and service system.

/s/ E. Gregory Watson
E. Gregory Watson, Esq.